[No. 16837.   Department Two.   March 6, 1922.]

JOHN MOILANEN, *Respondent*, v. BLAKE FURNITURE COMPANY, *Appellant.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANTING NEW TRIAL. The granting of a new trial where the court had already granted two new trials against the defendant is not of itself sufficient to uphold a charge of abuse of discretion on the part of the trial court.

NEW TRIAL (56-1)—PROCEEDINGS—ORDER GRANTING NEW TRIAL. An order granting a new trial "for errors occurring in the trial of said cause," is not to be limited merely to that provision of Rem. Code, § 399, authorizing a new trial for "error in law occurring at the trial," where other grounds were assigned under other subdivisions of that section of the code.

Appeal from an order of the superior court for King county, Smith, J., entered October 2, 1920, granting a new trial.   Affirmed.

*John F. Dore,* for appellant.

*James B. Murphy* and *Arthur H. Hutchinson,* for respondent.

HOVEY, J.—This is an appeal from an order granting a new trial in a case where the respondent was plaintiff and the appellant was defendant.   Upon a former trial of the same case, a verdict was also given in favor of the appellant and a new trial was thereupon granted.

It is contended by the appellant that the lower court abused its discretion in granting the new trial where. there had already been two trials.   We do not think that this can be said to be such an abuse of discretion as would justify the interference of this court.

It is next contended that, inasmuch as the order granting a new trial recited that the court "being of the opinion that a new trial should be granted for

[1] Reported in 204 Pac. 794.

errors occurring in the trial of said cause,'' it must be assumed that the only ground sustained by the trial court was the sixth subdivision of the motion for a new trial, being "error in law occurring at the trial excepted to at the time by the plaintiff,'' and that no error in law was claimed by respondent upon the trial. The motion for a new trial included assignments under subdivisions (1), (2), (3), (4), (7) and (8) of § 399, Rem. Code (P. C. § 8225). In our opinion, the word "errors" as used by the court was not intended to be so limited, but could be held to apply to many of the other grounds alleged in the motion.

The judgment is affirmed.

PARKER, C. J., MAIN, and MACKINTOSH, JJ., concur.